UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

Case No. 7:24-CV-00318

SGM DANIEL R. AUXIER, and
MR. MARCOS E. MONTEIRO,

    Plaintiffs,

v.

THE UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Defendant.

_____/

FILED
JUL 21 2025
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

## PLAINTIFFS' FINAL MOTION FOR EXTENSION OF TIME

Plaintiffs, Sergeant Major Daniel R. Auxier and Mr. Marcos E. Monteiro ("Plaintiffs"), respectfully move this Honorable Court for a limited and final extension of time in the above-captioned matter. In support of this Motion, Plaintiffs state as follows:

### FACTS/PROCEDURAL HISTORY

1. On June 11, 2025, Plaintiffs filed their second motion for extension of time, which this Court graciously granted, setting a deadline of July 14, 2025.

2. Since that time, Plaintiffs have made substantial progress in refining their litigation posture and respectfully request one final extension of no more than fifteen (15) business days—until August 5, 2025.

3. This request is necessitated by several critical developments, including the formal addition of Mr. Bradley Davis as a named co-plaintiff, the finalization of a Second Amended Complaint, and the incorporation of newly discovered evidence, including operative material facts and clarifying law not available at the time of the prior filings.

4. The proposed Second Amended Complaint is not merely a technical correction; it is substantively necessary to perfect Plaintiffs' claims, identify additional responsible

2

parties, and advance judicial economy by consolidating the relevant facts, defendants, and controlling legal authority into a unified pleading.

5. Of particular relevance, the July 3, 2025 decision in *Taggart v. Next Bridge Hydrocarbons, Inc.*, No. 4:24-cv-00767-P, addresses the interpretation and application of Section 10(b) and Rule 10b-5 of the Securities Exchange Act in the context of matters closely related to those at issue in this case. While the claims in *Taggart* were dismissed, the reasoning set forth by the court merits consideration for purposes of accuracy, clarity, and consistency in future pleadings.

6. Furthermore, Plaintiffs' retained counsel is actively preparing a motion for admission pro hac vice, but must first complete the required certification course prescribed by this Court's standing rules. Counsel anticipates submitting the necessary paperwork upon completion of that course in the coming days.

7. This extension request is not made for the purpose of delay, nor will it be repeated. Each prior request has sought less time than the last. Plaintiffs affirmatively represent that no further extensions will be requested, and that they will be prepared to proceed on all issues no later than August 5, 2025.

8. Upon request by the Court or the Clerk, Plaintiffs are prepared to submit a preview or redacted draft of the Second Amended Complaint, subject to appropriate protections to avoid disclosure of litigation strategy to Defendants prior to finalization and service.

9. Plaintiffs have acted diligently and in good faith at all stages of this matter. This modest final extension will ensure that the Court receives a fully developed and properly structured complaint that aligns with newly available precedent and addresses all procedural prerequisites.

## REQUEST FOR JUDICIAL NOTICE

10. Plaintiffs respectfully notify the Court of their intention to submit documentation pursuant to Federal Rule of Evidence 201, requesting judicial notice of a series of adjudicated decisions, filings, and primary source materials that are either adjacent to or directly relevant to the claims raised in this matter. These materials include, but are not limited to, final orders, docket entries, SEC enforcement filings, and corporate disclosures—many of which contain admissions, representations, or conduct attributable to the Defendants in this action.

11. In furtherance of this effort, Plaintiffs are currently preparing two parallel submissions: (1) a full-disclosure compilation containing the complete record of documents and factual bases for each judicial notice request; and (2) a streamlined briefing copy organized for the convenience of the Court and Clerk, containing direct excerpts and summarizations of the most salient legal and factual points supported by citation.

12. These materials are being compiled with precision and diligence and will significantly reduce the volume and complexity of Plaintiffs' operative complaint by enabling direct reliance on irrefutable, publicly available, and independently verifiable sources—most notably, the Defendants' own words and conduct as recorded in SEC filings, court transcripts, bankruptcy decisions, and agency declarations.

13. This approach not only furthers the principle of judicial economy, but also ensures the Court is presented with a cogent, well-supported foundation for adjudication, minimizing the need for unnecessary or speculative factual development. Plaintiffs respectfully request leave to file these materials under Rule 201(b)(2) and (c)(2) in a manner that ensures clarity, fairness, and procedural integrity.

## REQUEST FOR LEAVE TO AMEND COMPLAINT

14. In connection with this request, and to the extent leave is required under Federal Rule of Civil Procedure 15(a)(2), Plaintiffs respectfully seek permission to file their Second Amended Complaint. This amendment will not cause undue delay or prejudice to any party and is being pursued in good faith to reflect newly discovered evidence, clarify controlling law, and ensure a complete and just presentation of all claims properly before the Court.

15. The Second Amended Complaint will be filed in tandem with a comprehensive request for judicial notice, encompassing adjudicated decisions, agency filings, sworn testimony, and public records directly relevant to the allegations herein. Plaintiffs respectfully represent that every material factual statement included in the amended pleading will be supported either by judicially cognizable evidence under Rule 201, sworn declaration, or official record. This approach is intended to produce a verified complaint grounded in irrefutable documentation and governing precedent—one that satisfies the highest pleading standards under federal law and cannot be dismissed on its face for failure to state a claim.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) grant a final extension of time through and including August 5, 2025;

(2) permit the submission of judicially noticeable materials pursuant to Federal Rule of Evidence 201, including both full and abbreviated evidentiary records;

(3) grant leave, to the extent required, for Plaintiffs to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2); and

(4) award such other and further relief as this Court deems just and proper.

Respectfully submitted,


/s/ SGM Daniel R. Auxier
SGM DANIEL R. AUXIER
105 Valley Road
Wantage, NJ 07461


/s/ Marcos E. Monteiro
MR. MARCOS E. MONTEIRO
5321 Dove Tree Street
Orlando, FL 32811


## CERTIFICATE OF SERVICE


Plaintiffs hereby certify that, on July 14, 2025, a true and correct copy of this Motion was mailed to the Clerk of the Court via United States Postal Services for filing.


/s/ SGM Daniel R. Auxier
SGM DANIEL R. AUXIER



/s/ Marcos E. Monteiro
MR. MARCOS E. MONTEIRO

July 14, 2025

**The Honorable David Counts**
**200 East Wall**
**Midland, TX 79701**

*DELIVERED VIA U.S. POSTAL SERVICE FOR FILING*

CC: The Clerk of Court

| | |
|---|---|
| **RE:** | **Cover Letter To The Honorable David Counts** |
| **Case Style:** | **Auxier et. al v. Securities & Exchange Commission** |
| **Case No.:** | **7:24-cv-00318** |

PRIORITY MAIL
FLAT RATE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Priority Mail shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; October 2018. All rights reserved.

FROM:
SGM DANIEL AUXIER
105 VALLEY ROAD
WANTAGE, NJ 07461

RECEIVED
JUL 21 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

TO:
The Honorable David Counts
attn:// court clerk
200 East Wall
Midland, TX 79701

MIDLA[ND]
JUL 21 2025
SCREENED




To schedule free Package Pickup, scan the QR code.

---

Retail

UNITED STATES POSTAL SERVICE®

US POSTAGE PAID
$15.95
Origin: 07461
07/14/25
3383250712-05

PRIORITY MAIL®

0 Lb 2.10 Oz
RDC 03

C091

EXPECTED DELIVERY DAY: 07/17/25

SHIP TO:
200 E WALL ST
MIDLAND TX 79701-5217

USPS SIGNATURE® TRACKING #

9510 8157 9342 5195 9114 01




