September 3, 2025

**The Honorable David Counts**
**200 East Wall**
**Midland, TX 79701**

*DELIVERED VIA PACER ECF*

CC: The Clerk of Court

**RE:**       **Cover Letter to The Honorable David Counts**
**Case Style:**   **Auxier et. al v. McCabe Petroleum Company et al**
**Case No.:**    **7:24-cv-00318**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

Case No. 7:24-CV-00318

SERGEANT MAJOR DANIEL R. AUXIER,
MARCOS MONTEIRO, and
BRADLEY DAVIS

    *Plaintiffs,*

    **v.**

MCCABE PETROLEUM CORPORATION,
HUDSPETH OIL CORPORATION,
ARABELLA OPERATING, LLC,
TRANS-TEXAS LAND & TITLE, LLC,
MAGDALENA ROYALTIES, LLC,
GREEN HILL MINERALS, LLC,
ARABELLA EXPLORATION, LLC,
TORCHLIGHT ENERGY RESOURCES, INC.
(f/k/a Pole Perfect Studios, Inc.),
WOLFBONE INVESTMENTS, LLC,
ARABELLA ROYALTY MANAGEMENT, LLC,
and MASTERSON HAZEL PARTNERS, LP

    *Defendants,*

NEXT BRIDGE HYDROCARBONS, INC.,
and META MATERIALS, INC.
(f/k/a Torchlight Energy Resources, Inc.),

    *Relief Defendants.*

_____/

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF EVIDENTIARY CATEGORIES
PURSUANT TO FEDERAL RULE OF EVIDENCE 201**

Plaintiffs DANIEL R. AUXIER, MARCOS E. MONTEIRO, and BRADLEY DAVIS ("**Plaintiffs**"), pursuant to Federal Rule of Evidence 201, respectfully move this Court to take judicial notice of judicial records, administrative filings, government reports, and governing authorities incorporated into their Verified SECOND AMENDED COMPLAINT ("**2AC**"), as set forth below.

2

1. **Scope of Requested Notice.** Plaintiffs seek preliminary judicial notice, pursuant to Federal Rule of Evidence 201(b)(2)–(3), of the existence and authenticity of judicial opinions, bankruptcy filings, hearing transcripts, sworn affidavits, government reports, and filings with the UNITED STATES SECURITIES AND EXCHANGE COMMISSION ("**SEC**") expressly incorporated into the 2AC. These materials are not offered for the truth of any disputed matters, but solely for their provenance as public records and adjudicated findings capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Collectively, these records establish the adjudicated history of the March 2014 transfer of ARABELLA PETROLEUM COMPANY, LLC'S ("**APC**") leasehold assets to MCCABE PETROLEUM CORPORATION ("**MPC**"), the subsequent layering of those assets through insider-controlled affiliates, and their downstream capitalization by TORCHLIGHT ENERGY RESOURCES, INC. ("**Torchlight**"), META MATERIALS, INC. ("**Meta**"), and NEXT BRIDGE HYDROCARBONS, INC ("**NBH**")**.** The judicially noticeable record therefore provides the evidentiary foundation for Plaintiffs' contention that the securities issued atop these unlawful transfers are **void *ab initio***.

2. **Judicially-Recognized Bankruptcy and Adversary Records.** Plaintiffs respectfully request that this Court take judicial notice of the bankruptcy and adversary records incorporated into the Verified Second Amended Complaint and reproduced in Appendix 1. These judicial records demonstrate the adjudicated history of APC, including the March 2014 conveyance of its sole leasehold assets to MPC while insolvent and without consideration; the Trustee's adversary pleadings and motions identifying multiple badges of fraud; the subsequent $2.1 million settlement with GREGORY MCCABE ("**McCabe**")

3

to avoid litigation entangling Torchlight; the Bankruptcy Court's Memorandum Opinion confirming that the transfers constituted actual and constructive fraud under 11 U.S.C. § 548 and Tex. Bus. & Com. Code § 24.005; and the Western District of Texas's final affirmance of those findings in 2025. The docket further reflects that the Chapter 11 Trustee pursued avoidance claims under 11 U.S.C. §§ 544, 547, and 548, and Tex. Bus. & Com. Code § 24.005, and obtained findings that the APC→MPC transfer was both actually and constructively fraudulent. These findings were not disturbed on appeal; rather, the district court dismissed JASON HOISAGER'S ("**Hoisager**") challenge with prejudice, rendering the fraudulent transfer determinations final. Together, these materials establish that the APC→MPC transfer was void *ab initio* and that all subsequent conveyances and securities issuances premised on that defective title—including the HUDSPETH OIL CORPORATION ("**Hudspeth**") assignment and Torchlight/Meta/Next Bridge capitalization—are legally null.

3. Plaintiffs further request judicial notice of the following judicial records, each of which is contained in Appendix 1 to the Verified Second Amended Complaint:

   a. *Voluntary Petition for Relief under Chapter 11*, *In re Arabella Petroleum Co., LLC*, No. 15-70098 (Bankr. W.D. Tex. July 10, 2015), ECF No. 1, initiating APC's bankruptcy proceeding.

   b. *Trustee's Adversary Complaint*, *Weiss v. Arabella Exploration, Inc.*, Adv. No. 16-07002 (Bankr. W.D. Tex. Feb. 29, 2016), ECF No. 1, asserting fraudulent transfer, preferential transfer, turnover, and declaratory claims against Arabella affiliates and insiders.

c. *Amended Adversary Complaint*, *Weiss v. Arabella Exploration, Inc.*, Adv. No. 16-07002 (Bankr. W.D. Tex. Aug. 11, 2016), ECF No. 30, reiterating that the March 2014 APC→MPC transfer was made while insolvent, without reasonably equivalent value, and with multiple badges of fraud.

d. *Trustee's Motion to Approve Compromise and Settlement*, *In re Arabella Petroleum Co., LLC*, No. 15-70098 (Bankr. W.D. Tex. July 26, 2017), ECF No. 419, stating that APC "did not receive any apparent consideration" for the March 2014 transfers and seeking approval of a $2.1 million settlement with McCabe.

e. *Transcript of Hearing on Motion to Approve Compromise*, before the Hon. Tony M. Davis, *In re Arabella Petroleum Co.*, No. 15-70098 (Bankr. W.D. Tex. Aug. 16, 2017), ECF No. 433/441, where the Trustee and counsel testified that McCabe's settlement was offered "to avoid having Torchlight wrapped into litigation," and the Bankruptcy Court approved the compromise.

f. *Memorandum Opinion and Trial Findings*, *Weiss v. Arabella Exploration, Inc.*, Adv. No. 16-07002 (Bankr. W.D. Tex. Dec. 22, 2022), ECF No. 222, finding that Hoisager's insider transfers lacked consideration, were executed during insolvency, and constituted avoidable fraudulent conveyances under 11 U.S.C. § 548 and Tex. Bus. & Com. Code § 24.005.

g. *Order of Dismissal With Prejudice*, *Hoisager v. Weiss*, No. 7:23-cv-00021 (W.D. Tex. Feb. 16, 2025), affirming the Bankruptcy Court's findings of fraudulent transfer, fiduciary breach, and badges of fraud, and rendering those determinations final and binding.

5

4. **Federal Filings and Administrative Records.** Plaintiffs further request judicial notice of the federal securities filings, government oversight reports, and public land records incorporated into the Verified Second Amended Complaint and reproduced in Appendix 1. These materials demonstrate how the securities at issue were issued and capitalized atop void transfers, and how regulators and issuers either failed to disclose or actively concealed the title defects underlying Torchlight, Meta, and NBH. Collectively, these filings confirm that equity instruments promoted to the public were predicated on assets fraudulently conveyed during insolvency. They also show systemic lapses in oversight by the SEC and the FINANCIAL INDUSTRY REGULATORY AUTHORITY ("**FINRA**"), as later recognized by the UNITED STATES GOVERNMENT ACCOUNTABILITY OFFICE ("**GAO**"), and they document the persistence of override and royalty interests retained by insiders through county land records. These materials provide the administrative, regulatory, and property-record foundation for Plaintiffs' fraud, rescission, and declaratory relief claims.

5. Plaintiffs further request judicial notice of the following filings and records, each of which is contained in Appendix 1 to the Verified Second Amended Complaint:

    a. *Next Bridge Hydrocarbons, Inc., Registration Statement (Form S-1)*, SEC Accession No. 0001193125-22-292114 (Nov. 9, 2022), omitting disclosure of the Arabella bankruptcy, the 2014 adjudicated fraudulent conveyance, and insider override structures.

    b. *Torchlight Energy Resources, Inc., Annual Reports (Forms 10-K)* for fiscal years ending Dec. 31, 2014 and Dec. 31, 2015, disclosing override and back-in interests retained by Gregory McCabe but failing to acknowledge the defective title chain.

    c. *Meta Materials, Inc., proxy statements and merger-related financial disclosures* (May–June 2021), filed in connection with the reverse merger with Torchlight, carrying forward defective capitalization into Meta.

    d. *U.S. Government Accountability Office, Securities Regulation: SEC's Oversight of the Financial Industry Regulatory Authority*, GAO-25-107723 (Nov. 2024), identifying systemic lapses by FINRA and the SEC during the MMTLP U3 trading halt.

    e. *Public county land records*, Reeves, Culberson, and Midland Counties, Texas, documenting override royalty and operator-interest transfers involving Magdalena Royalties, LLC; Arabella Royalty Management, LLC; Green Hill Minerals, LLC; and Masterson Hazel–affiliated entities.

6. **Judicial Authorities.** Plaintiffs also respectfully request that this Court take judicial notice of the controlling judicial opinions and legal authorities expressly cited in the Verified Second Amended Complaint and reproduced in Appendix 2. These authorities provide the governing legal standards on fraudulent transfer, constructive fraud, void *ab initio* securities, pleading sufficiency, disgorgement remedies, and limits on regulatory authority. Collectively, they frame the legal consequences of the March 2014 Arabella transfer and its downstream capitalization through Torchlight, Meta, and NBH. They confirm that securities issued atop assets obtained through fraudulent conveyances are void from

inception, that constructive fraud may be inferred from objective circumstances of insolvency and insider enrichment, that mergers and successor entities do not cleanse prior legal defects, and that unjust enrichment warrants remedial constructive trust. Judicial notice of these opinions is necessary to provide the Court with the binding and persuasive precedents underpinning Plaintiffs' claims.

7. Plaintiffs further request judicial notice of the following judicial opinions and governing authorities, each of which is contained in Appendix 2 to the Verified Second Amended Complaint:

   a. *United States v. Zacks*, 375 U.S. 59, 66–70 (1963), confirming that when a statutory defect bars a transaction, the attempted transfer is treated as a legal nullity.

   b. *SEC v. Sloan*, 436 U.S. 103, 110–23 (1978), holding that the SEC lacks authority under § 12(k) of the Securities Exchange Act to issue consecutive summary trading halts, thereby limiting indefinite suspensions absent statutory authorization.

   c. *Matter of Monnig's Dep't Stores, Inc.*, 929 F.2d 197, 200 (5th Cir. 1991), affirming that a constructive trust is an appropriate equitable remedy to prevent unjust enrichment arising from wrongful conduct.

   d. *SEC v. Cavanagh*, 1 F. Supp. 2d 337, 343–45 (S.D.N.Y. 1998), holding that securities issued without a lawful asset basis are void *ab initio* and cannot confer valid title.

   e. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321–24 (2007), clarifying the pleading standard for scienter under the PSLRA.

    f. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–81 (2009), setting the plausibility standard for pleadings under Rule 8(a) and 9(b).

    g. *Liu v. SEC*, 140 S. Ct. 1936, 1940–41 (2020), holding that disgorgement ordered in SEC enforcement actions must not exceed the wrongdoer's net profits and must be awarded for the benefit of victims.

    h. *Anytime Fitness, LLC v. Thornhill Bros. Fitness, LLC*, 85 F.4th 321, 326–28 (5th Cir. 2023), reaffirming that contracts induced by fraud are voidable and subject to restitutionary remedies.

8. **Appendices Incorporated by Reference.** Plaintiffs have submitted Appendix 1 (*Judicially Noticed Materials*) and Appendix 2 (*Judicially Noticed Case Law and Governing Authorities*) in support of their Verified Second Amended Complaint. Plaintiffs respectfully request that the Court take judicial notice of the documents, rulings, regulatory filings, and judicial authorities catalogued therein as part of the operative complaint record. Judicial notice of these appendices will ensure that the evidentiary foundation of this action—consisting of bankruptcy court findings, SEC filings, government oversight reports, public land records, and controlling case law—is formally recognized under Federal Rule of Evidence 201.

9. **Limitation of Request.** Plaintiffs do not seek judicial notice of the truth of disputed factual assertions contained within these records. Rather, they request that the Court recognize the existence, provenance, and relevance of these public and judicially recognized materials for purposes of Federal Rule of Evidence 201(b)(2) and (3). Plaintiffs further state that they will supplement this motion with a complete evidentiary appendix and a formal request for

9

notice under Rule 201(d) on or before August 5, 2025, to permit the Court to make specific rulings on each individual exhibit.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(1) Take judicial notice under Federal Rule of Evidence 201(b) of the evidentiary categories and legal authorities described herein as incorporated into the Verified Second Amended Complaint;

(2) Defer entry of a formal ruling on individual exhibits and documents until Plaintiffs submit their complete evidentiary appendix and supplemental motion under Federal Rule of Evidence 201(d);

(3) Confirm that judicial notice extends to the authenticity and official character of the cited records as public filings, court rulings, or government-issued materials;

(4) Clarify that judicial notice is taken without prejudice to Plaintiffs' right to argue the evidentiary weight and legal effect of such materials in subsequent motions or at trial;

(5) Order that judicial notice of Appendix 1 and Appendix 2 shall be deemed incorporated into the record of this case and applicable to all subsequent proceedings, including appellate review; *and*

(6) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted;

/s/ SGM Daniel R. Auxier
SGM DANIEL R. AUXIER
105 Valley Road
Wantage, NJ 07461

/s/ Marcos E. Monteiro
MR. MARCOS E. MONTEIRO
5321 Dove Tree Street
Orlando, FL 32811

/s/ Bradley Davis
MR. BRADLEY DAVIS
4771 Sweetwater Blvd
Sugar Land, TX 77479

**CERTIFICATE OF SERVICE**

Plaintiffs hereby certify that, on September 3, 2025, a true and correct copy of this Motion was emailed to the Clerk of the Court via PACER ECF.

/s/ SGM Daniel R. Auxier
SGM DANIEL R. AUXIER

/s/ Marcos Monteiro
MR. MARCOS E. MONTEIRO

/s/ Bradley Davis
MR. BRADLEY DAVIS

Enclosed (2)

**Appendix 1: Judicially Noticed Materials and Evidence**

**Appendix 2: Judicially Noticed Case Law and Governing Authorities**