IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| SERGEANT MAJOR DANIEL R. AUXIER; MARCOS E. MONTEIRO; and BRADLEY DAVIS<br>  *Plaintiffs*,<br><br>v.<br><br>MCCABE PETROLEUM CORPORATION; HUDSPETH OIL CORPORATION; ARABELLA OPERATING, LLC; TRANS-TEXAS LAND & TITLE, LLC; MAGDALENA ROALTIES, LLC; GREEN HILL MINERALS, LLC; ARABELLA EXPLORATION, LLC; TORCHLIGHT ENERGY RESOURCES, INC.; TRITAURIAN CAPITAL INC.; WOLFBONE INVESTMENTS, LLC; ARABELLA ROYALTY MANAGEMENT LLC; MASTERSON HAZEL PARTNERS, LP; NEXT BRIDGE HYDROCARBONS, INC.; and META MATERIALS, INC.<br>  *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § § § | MO:24-CV-00318-DC-RCG |

## ORDER FOR PLAINTIFF TO SHOW CAUSE

The Courts records indicate that more than 90 days have passed since the filing of

Plaintiffs Daniel R. Auxier, Marcos E. Monteiro, and Bradley Davis's ("Plaintiffs")

Second Amended Complaint against Defendants McCabe Petroleum Corporation;

Hudspeth Oil Corporation; Arabella Operating, LLC; Trans-Texas Land & Titles, LLC;

Magdalena Royalites, LLC; Green Hill Minerals, LLC; Arabella Exploration, LLC;

Torchlight Energy Resources, Inc., f/k/a Pole Perfect Studios, Inc.; Tritaurian Capital,

Inc.; Wolfbone Investments, LLC; Arabella Royalty Management LLC; Masterson Hazel

Partners, LP; Next Bridge Hydrocarbons, Inc.; and Meta Materials, Inc. (collectively, "Defendants"). (Doc. 14).

Plaintiffs filed their original Complaint on December 6, 2024, and an Amended Complaint on December 27, 2025. (Docs. 1, 3). Since that time, the case has repeatedly stalled due to Plaintiffs' failure to effect service of process. Between March and July 2025, Plaintiffs sought and received multiple extensions of time to serve defendants. (Docs. 4, 5, 6). Despite these extensions, no defendant was served. On September 3, 2025, Plaintiff filed a Second Amended Complaint naming an entirely new set of defendants, thereby triggering a new 90-day period for service under Rule 4(m). (Doc. 14). On December 5, 2025, the Court issued an Order directing Plaintiffs to show cause why the case should not be dismissed for failure to prosecute and failure to comply with Rule 4(m). (Doc. 17). Rather than serving the defendants or providing a substantive explanation, Plaintiffs filed a motion on the seventh day requesting additional time to respond to the Court's show cause Order and vaguely referenced "additional and crucial developments," without further detail. (Doc. 19). To date, Plaintiffs have failed to provide proof of service on Defendants.

Accordingly, this Show Cause Order serves as a **<u>final notice</u>** to inform Plaintiffs that this action will be dismissed without prejudice as to any unserved Defendants unless Plaintiffs effect service **<u>within seven (7) days of the date of this Order</u>**, or show good cause for failing to timely serve Defendants, in accordance with Federal Rule of Civil Procedure 4(m). "Good cause" under Rule 4(m) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel

2

or ignorance of the rules usually does not suffice." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). If dismissal of the case to the unserved Defendants is satisfactory to Plaintiffs, no action is required.

**IT IS HEREBY ORDERED** that Plaintiffs **serve Defendants within seven (7) days of the date of this Order, or explain why good cause exists for Plaintiffs' failure to serve Defendants within 90 days after the Amended Complaint was filed**, as required by Federal Rule of Civil Procedure 4(m). Failure to do so may result in dismissal of this case without prejudice.

It is so **ORDERED**.

SIGNED this 27th day of February, 2026.


RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE