# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **SERGEANT MAJOR DANIEL R. AUXIER, MARCOS E. MONTEIRO, and BRADLEY DAVIS** | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | MO:24-CV-00318-DC-RCG |
| **MCCABE PETROLEUM CORPORATION; HUDSPETH OIL CORPORATION; ARABELLA OPERATING, LLC; TRANS-TEXAS LAND & TITLE, LLC; MAGDALENA ROYALTIES, LLC; GREEN HILL MINERALS, LLC; ARABELLA EXPLORATION, LLC; TORCHLIGHT ENERGY RESOURCES, INC., f/k/a Pole Perfect Studios, Inc.; TRITAURIAN CAPITAL, INC.; WOLFBONE INVESTMENTS, LLC; ARABELLA ROYALTY MANAGEMENT LLC; and MASTERON HAZEL PARTNERS, LP** | § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiffs Sergeant Major Daniel R. Auxier, Marcos E. Monteiro, and Bradley Davis's ("Plaintiffs") Second Amended Complaint filed September 3, 2025. (Doc. 14). This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiffs filed their original Complaint on December 6, 2024, and an Amended Complaint on December 27, 2025. (Docs. 1, 3). Since that time, the case has repeatedly stalled due to Plaintiffs' failure to effectuate service of process. Between March and July 2025,

Plaintiffs sought and received multiple extensions of time to serve Defendants. (Docs. 4, 5, 6). Despite these extensions, no Defendant was served. On September 3, 2025, Plaintiff filed a Second Amended Complaint naming an entirely new set of defendants, thereby triggering a new 90-day period for service under Rule 4(m). (Doc. 14). On December 5, 2025, the Court issued an Order directing Plaintiffs to show cause why the case should not be dismissed for failure to prosecute and failure to comply with Rule 4(m). (Doc. 17). Rather than serving the Defendants or providing a substantive explanation, Plaintiffs filed a motion on the seventh day requesting additional time to respond to the Court's show cause Order and vaguely referenced "additional and crucial developments," without further detail. (Doc. 19). The Court granted Plaintiff's Motion in part, allowing them until December 17, 2025, at 5:00 p.m. to make a showing of good cause explaining why, after multiple extensions and the appearance of counsel, Plaintiffs have still been unable to accomplish service. (Doc. 20). On December 17, 2025, Plaintiffs responded explaining they were seeking "guidance with respect to the time to serve in light of the number of new defendants that had been named." (Doc. 21 at 5). On February 27, 2025, the Court provided that guidance, Ordering Plaintiffs for the final time to effectuate service. (Doc. 22). To date, all Defendants are yet to be served.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court finds that the only remedy available in light of Plaintiffs' inaction is to dismiss the Complaint for want of prosecution under Rule 41(b). The Court cannot continue to ignore the repeated failure to comply with Rule 4(m). This case has remained on the Court's docket for more than a year without advancing to the threshold step of service of process. Despite multiple extensions, a new service period following the Second

Amended Complaint, and the retention of counsel, Plaintiffs have yet to serve a single defendant. For the same reasons, the Court further recommends that the Complaint should be dismissed in the interest of judicial economy. The undersigned recommends that the Court should dismiss the Complaint without prejudice to allow Plaintiffs another opportunity to raise their claims, if necessary. *Callip v. Harris Cnty. Child Welfare Dep't.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (citations omitted) (finding that, unless otherwise specified, a dismissal for want of prosecution is a "complete adjudication on the merits, and thus with prejudice").

"The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.), *cert. denied*, 522 U.S. 875 (1997).

Therefore, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** for want of prosecution pursuant to Rule 41.

SIGNED this 9th day of March, 2026.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).